Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001092
22-JUN-2017
11:37 AM

NO. CAAP-14-0001092

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KENNETH S.G.A. LEE, Plaintiff-Appellant,
v.
ROUTH CRABTREE OLSEN, P.S.;
DEREK W.C. WONG, Defendants-Appellees,
and
DOE DEFENDANTS 1-50, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-0511)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Chan, JJ.)

This appeal arises from the non-judicial foreclosure sale of residential property (Property) located on the Island of Hawai'i. Defendants-Appellees Routh Crabtree Olsen, P.S. and Derek W.C. Wong (collectively, Attorney Defendants) provided legal services to the mortgagee, Wells Fargo Bank, N.A., in conducting a non-judicial foreclosure sale of the Property. Plaintiff-Appellant Kenneth S.G.A. Lee (Lee) was the mortgagor with respect to the Property that was sold.

Following the sale of the Property, Lee filed a Complaint against the Attorney Defendants. The Complaint alleged that in conducting the non-judicial foreclosure sale, the Attorney Defendants violated the power of sale clause of the

subject mortgage and provisions of then-existing non-judicial foreclosure statutes, particularly Hawaii Revised Statutes (HRS) § 667-5 (Supp. 2008) and HRS § 667-7 (Supp. 2008).[1] The Complaint further alleged that the Attorney Defendants were

---

[1] At the time relevant to the non-judicial foreclosure of the Property, HRS § 667-5 (Supp. 2008) provided in pertinent part and HRS § 667-7 (Supp. 2008) provided as follows:

§667-5 **Foreclosure under power of sale; notice; affidavit after sale.** (a) When a power of sale is contained in a mortgage, and where the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises, desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee, successor, or person shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State. The attorney shall:

(1) Give notice of the mortgagee's, successor's, or person's intention to foreclose the mortgage and of the sale of the mortgaged property, by publication of the notice once in each of three successive weeks (three publications), the last publication to be not less than fourteen days before the day of sale, in a newspaper having a general circulation in the county in which the mortgaged property lies; and

(2) Give any notices and do all acts as are authorized or required by the power contained in the mortgage.

. . . .

(d) Any sale, of which notice has been given as aforesaid, may be postponed from time to time by public announcement made by the mortgagee or by some person acting on the mortgagee's behalf. . . . The mortgagee within thirty days after selling the property in pursuance of the power, shall file a copy of the notice of sale and the mortgagee's affidavit, setting forth the mortgagee's acts in the premises fully and particularly, in the bureau of conveyances.

§667-7 **Notice, contents; affidavit.** (a) The notice of intention of foreclosure shall contain:

(1) A description of the mortgaged property; and

(2) A statement of the time and place proposed for the sale thereof at any time after the expiration of four weeks from the date when first advertised.

(b) The affidavit described under section 667-5 may lawfully be made by any person duly authorized to act for the mortgagee, and in such capacity conducting the foreclosure.

HRS §§ 667-5 and 667-7 were repealed by the Hawai'i Legislature effective June 28, 2012. See 2012 Haw. Sess. Laws Act 182, §§ 50, 53, 69 at 684, 689.

liable for unfair or deceptive acts or practices (UDAP) under HRS § 480-2 (2008).[2]

The Attorney Defendants filed a motion to dismiss the Complaint (Motion to Dismiss). The Circuit Court of the Third Circuit (Circuit Court)[3] granted the Attorney Defendants' Motion to Dismiss without prejudice to Lee filing a motion to amend the Complaint. Subsequently, the Circuit Court denied Lee's Motion for Leave to File a First Amended Complaint, and it dismissed the Complaint with prejudice. On August 21, 2014, the Circuit Court filed a Final Judgment in favor of the Attorney Defendants.

I.

Lee appeals from the Final Judgment. On appeal, Lee contends that the Circuit Court erred in granting the Attorney Defendants' Motion to Dismiss. In particular, Lee argues that the Circuit Court erred in dismissing his Complaint because he sufficiently alleged causes of action against the Attorney Defendants for UDAP pursuant to HRS chapter 480 and for wrongful foreclosure based on their violation of HRS §§ 667-5 (Supp. 2008) and 667-7 (Supp. 2008). The Hawai'i Supreme Court's recent decision in Hungate v. Law Office of David B. Rosen, 139 Hawai'i 394, 391 P.3d 1 (2017), controls our decision in this case. Based on Hungate, we conclude that the Circuit Court properly dismissed Lee's Complaint, and we affirm the Circuit Court's Final Judgment.[4]

---

[2] HRS § 480-2 provides in pertinent part: "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."

[3] The Honorable Greg K. Nakamura presided.

[4] In his points of error, Lee also contends that the Circuit Court erred in denying his Motion for Leave to File a First Amended Complaint. However, he does not separately argue (or raise independent arguments to support) this point of error and apparently relies on the same arguments he raises in challenging the Circuit Court's dismissal of his Complaint. Our decision on Lee's challenge to the dismissal of his Complaint therefore also resolves his challenge to the denial of his Motion for Leave to File a First Amended Complaint. Because we conclude that the Circuit Court properly dismissed Lee's Complaint, we necessarily reject Lee's claim that the Circuit Court erred in denying his Motion for Leave to File a First Amended Complaint.

II.

In Hungate, the plaintiff, Hungate, alleged that the mortgagee bank's attorney, Rosen and his law office (collectively, Rosen), had wrongfully conducted a non-judicial foreclosure. Hungate, 139 Hawaiʻi at 400, 391 P.3d at 7. Similar to this case, Hungate alleged that Rosen improperly publicized, postponed, and conducted the non-judicial foreclosure sale, in violation of HRS §§ 667-5 (Supp. 2008) and 667-7 (Supp. 2008) and the subject mortgage's power of sale clause, and that Rosen was liable for UDAP, in violation of HRS § 480-2. Id.

The supreme court in Hungatge addressed the question of "whether the requirements of former HRS § 667-5 and former HRS § 667-7 impose duties that may be enforced against the attorney of a foreclosing mortgagee under a private right of action." Id. at 405, 391 P.3d at 12. The supreme court answered this question in the negative and held that these statues did not create a cause of action against attorneys who failed to follow the statutes' requirements. Id. at 406-07, 391 P.3d at 13-14. The supreme court concluded: "Regarding the allegations against Rosen, we conclude that Hungate does not have a cause of action against Rosen for violating statutory requirements under HRS chapter 667, or for his failure to adhere to the requirements of the mortgage's power of sale clause." Id. at 402, 391 P.3d at 9.

With respect to Hungate's UDAP claim against Rosen under HRS § 480-2, the supreme court held that Hungate did not have a cause of action against Rosen under HRS § 480-2 and that Hungate's UDAP claim against Rosen was properly dismissed. Id. at 402, 413, 391 P.3d at 9, 20.[5] In support of this holding, the supreme court emphasized the unique role played by an attorney in representing a client. The supreme court stated, "[T]he role of an attorney involves representing a client's

---

[5] The supreme court noted that Hungate had also alleged an unfair methods of competition claim under HRS § 480-2 in his complaint and first amended complaint, but did not dispute the dismissal of that claim in his appeal. Hungate, 139 Hawaiʻi at 409 n.20, 391 P.3d at 16 n.20. Similarly, in this case, Lee alleged an unfair methods of competition claim in his Complaint, but does not dispute the dismissal of this claim on appeal.

interests against those of an opposing party within an adversary system. Attorneys bear a duty to zealously represent clients 'within the bounds of the law.'" Id. at 413, 391 P.3d at 20 (citations omitted). The supreme court further stated:

> In other settings, we have declined to recognize a duty in favor of a plaintiff adversely affected by an attorney's performance of legal services on behalf of the opposing party. In Boning, we noted that "creation of a duty in favor of an adversary of the attorney's client would create an unacceptable conflict of interest. Not only would the adversary's interests interfere with the client's interests, the attorney's justifiable concern with being sued for negligence would detrimentally interfere with the attorney-client relationship." Boning, 114 Hawai'i at 220, 159 P.3d at 832.
>
> Permitting a party to sue his or her opponent's attorney for UDAP under HRS § 480-2 in foreclosure actions presents a similar issue in that an attorney's concern with being sued by a party opponent could compromise his or her representation of the client. In a UDAP action, an attorney would be especially vulnerable to suit because, for example, under HRS § 480-2 "actual deception need not be shown; the capacity to deceive is sufficient." Keka, 94 Hawai'i at 228, 11 P.3d at 16 (emphasis added) (citations omitted). Accordingly, a plaintiff would need only to allege that opposing counsel has breached the statutory duty under HRS § 480-2 "not to engage in unfair or deceptive acts or practices in the conduct of any trade or commerce . . . in a way that caused private damages[] in order to state a claim under" HRS chapter 480. Compton, 761 F.3d at 1056. Given that UDAP lacks a more rigorous or precise state of mind requirement, "even a carefully rendered opinion could, if incorrect, have the capacity to deceive." Short v. Demopolis, 103 Wash.2d 52, 691 P.2d 163, 172 (1984) (Pearson, J., concurring). The attorney would therefore "have to insure the correctness of his [or her] opinions and strategies," rendering it "virtually impossible for an attorney to effectively perform the traditional role of legal counselor." Id.

Id. (brackets and ellipsis points in original).

> The supreme court concluded:
>
> Similar to the negligence issue in Boning, in foreclosure actions an attorney's justifiable concern with being sued by the opposing party for UDAP could compromise the attorney's ability to zealously represent his or her client. Consequently, based on the allegations against Rosen, we decline to recognize a UDAP claim against him by Hungate under HRS § 480-2 in the instant foreclosure action.

Id. (footnote omitted).

Therefore, in Hungate, the supreme court declined to recognize causes of action against the foreclosing mortgagee's attorney for violating HRS § 667-5 (Supp. 2008) or HRS § 667-7

(Supp. 2008), for violating the subject mortgage's power of sale clause, or for UDAP under HRS § 480-2.

Based on Hungate, we conclude that the Circuit Court properly granted the Attorney Defendants' Motion to Dismiss in this case.

### III.

For the foregoing reasons, we affirm the Circuit Court's Final Judgment.

DATED: Honolulu, Hawaiʻi, June 22, 2017.

On the briefs:

James J. Bickerton
(Bickerton Dang)
and
John Francis Perkin
Brandee J.K. Faria
(Perkin & Faria)
and
Raymond C. Cho
Van-Alan H. Shima
(Affinity Law Group)
for Plaintiff-Appellant.

Patricia J. McHenry
Christopher T. Goodin
Michi Momose
(Cades Schutte)
for Defendants-Appellees.

*Craig H. Nakamura*

Chief Judge

*Lawrence M Reifurth*

Associate Judge

Associate Judge

6